# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

PETER RONALD SOLLENNE,

    Plaintiff,

v.

JAY K. BRAY, et al.,

    Defendants.

Case No.: 17-mc-0939

**ORDER VACATING ORDER TO SHOW CAUSE; DENYING MOTION FOR PROTECTIVE ORDER**

**[ECF NO. 3]**

On July 7, 2017, Plaintiff submitted for filing a document he titled a "Bill in Equity," but which appears to be, for all intents and purposes, a civil complaint. The Bill in Equity was filed as a miscellaneous filing rather than as a civil case. Thus, the lesser filing fee of $47.00 was applied rather than the full civil filing fee of $400.00. The Court therefore issued an OSC requiring Plaintiff to either pay the rest of the $400.00 filing fee, or submit a motion for leave to proceed in forma pauperis if he could not afford to do so. (ECF No. 3.)

On August 4, 2017, Plaintiff paid the full civil filing fee. ECF No. 4; Decl. Attesting Filing Fee Paid. Accordingly, the Court VACATES the OSC and directs the clerk to assign this case a civil case number, district judge and magistrate judge

1

in accordance with CivLR 40.1.a.

Next, Plaintiff purported to file the Bill in Equity "Under Seal/ Under Protective Order. The Clerk has provisionally sealed the case in light of Plaintiff's request. The only request for a protective order that arguably has been presented to the Court is the "Prayer for Protective Order" that appears at pages 150-151 of the Bill in Equity. Bill in Equity (ECF 1-2) at 150-51. In it, Plaintiff alleges he seeks a protective order "for entry of private proprietary evidence that is confidential commercial information and trade secrets that can harm the public." Id. at 151. Pro se pleadings are interpreted liberally, and the Bill in Equity appears to assert claims sounding in foreclosure relief. Although its 162 pages appear to contain various letters, recorded documents, certified mail returns, and the like, the Court cannot discern on the basis of Plaintiff's representation in the Prayer for Protective Order that there are compelling reasons for sealing the Bill in Equity. See Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2010) (explaining that to limit the common law right of access, "a party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure.'").

Therefore, the Court DENIES without prejudice Plaintiff's request for a protective order and directs the Clerk to unseal this case.

IT IS SO ORDERED.

Dated: August 9, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court